1   Brandon Callier
    1490A George Dieter Dr. #174
2   El Paso, TX 79936
    (915) 383-4604
3   callier74@gmail.com

4   Plaintiff, In Pro Per

5

6

7

8                **IN THE UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11  BRANDON CALLIER                          )   CASE NO. 2:24-CV-1003-RFB-NJK
                                             )
12              Plaintiff,                   )
                                             )
13  vs.                                      )
                                             )   **COMPLAINT**
14  ALEXANDER BYKHOVSKY, &                   )
15  ALEX GOLD HOLDINGS, LLC, a/k/a ALEX      )
    GOLD HOLDINGS L.L.C.                     )
16                                           )
                Defendants.                  )
17                                           )

18  _____

19        Plaintiff, BRANDON CALLIER, appearing In Pro Per, hereby files this Complaint, and alleges

20  as follows:

21

22                        **I.      INTRODUCTION**

23        1.      Plaintiff brings this action to enforce a settlement agreement with the Defendants.

24        2.      Defendants have defaulted on their obligations to pay the total settlement amount of

25  $185,000.

26        3.      Plaintiff seeks to enforce the settlement agreement for the outstanding amount due to

27

28  Plaintiff, which is $110,000 after credits for prior payments by Defendants totaling $75,000.

                                        1
                                  **COMPLAINT**

## II.   **PARTIES:**

4.      The Plaintiff BRANDON CALLIER ("Plaintiff") is an adult natural person who resides in El Paso, State of Texas.

5.      Plaintiff is informed and believes, and on that basis alleges, that Defendant, ALEXANDER BYKHOVSKY ("Mr. Bykhovsky") is an adult natural person and a resident of Puerto Rico, who may be served at either at 1800 Calle McLeary Avenue, Apartment 402, San Juan, Puerto Rico 00911, or 1 Calle Bucare Apt 1, San Juan, Puerto Rico, 00911. Mr. Bykhovsky does extensive business in the State of Nevada. He is the Managing Member and beneficial owner of Alex Gold Holdings, LLC, a/k/a Alex Gold Holdings L.L.C., and is the beneficial owner of multiple pieces of real estate in Clark County, Nevada through his company, Alex Gold Holdings, LLC, a Nevada domestic limited liability company. Mr. Bykhovksy transacts substantial business in Nevada, and he owns and operates numerous business entities registered in Clark County, Nevada, including but not limited to: Debt Giant, Inc. (a Nevada domestic corporation registered in 2017), Documents Done Right, Inc. (a Nevada domestic corporation registered in 2017), Document Support Live, Inc. (a Nevada domestic corporation registered in 2017), Docu Zoom Inc. (a Nevada domestic corporation registered in 2016), CBG Inc. (a Nevada domestic corporation registered in 2017), and the Gold Leads Inc. (a Nevada domestic corporation registered in 2017). Plaintiff is informed and believes that Mr. Bykhovsky was previously a resident of Clark County, Nevada in or around 2019 prior to his moving to Puerto Rico. Mr. Bykhovsky also goes by the name "Alex Gold", and his e-mail address is alexgoldlv@gmail.com.

6.      Defendant ALEX GOLD HOLDINGS, LLC (also known as ALEX GOLD HOLDINGS L.L.C.) (hereinafter "Alex Gold Holdings") is a Nevada domestic limited liability company (Nevada Business ID: NV20171693023, Entity Number: E0506502017-4) which is owned, operated, and managed by Defendant Alexander Bykhovsky, and maintains its principal office of record in Clark

**COMPLAINT**

County, Nevada. Defendant Alex Gold Holdings' registered agent is Alexander Bykhovsky with the address of 3064 Kishner Dr, 111, Las Vegas, NV 89109. Defendant's Managing Member is listed as Alexander Bykhovsky with the address of 3555 Pecos McLeod Interconnect, Las Vegas, NV 89121. Alex Gold Holdings owns real estate, transacts business, and is headquartered in Clark County, Nevada.

## III.     JURISDICTION AND VENUE

7.     Jurisdiction to Enforce a Settlement Agreement After a Case Has Been Dismissed: In Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994), the U.S. Supreme Court held that in order to exercise jurisdiction to enforce a settlement agreement, the district court must specifically retain jurisdiction over the matter or an independent basis for jurisdiction must exist. Id. at 381-382. Kokkonen instructs district courts that a settlement agreement creates a new contract between the parties and in order to enforce that contract, the district court must have independent jurisdiction over that contract. Kokkonen, 511 U.S. at 381.

8.     When an original action has been dismissed (without retention of jurisdiction to enforce the settlement agreement, as is the situation here), a new action must be filed in a court having subject matter jurisdiction. This generally means diversity jurisdiction because enforcing a settlement does not involve a federal question. Hendrickson v. United States, 791 F.3d 354, 362 (2d Cir. 2015) (absent retention of jurisdiction, post-dismissal enforcement of settlement agreement resides in state courts unless independent basis for federal jurisdiction exists); see also Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016)

9.     Subject Matter Jurisdiction.  This Court has diversity subject matter jurisdiction over Plaintiff's breach of settlement agreement claims pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States. Defendant Alex Gold Holdings, LLC, a/k/a Alex Gold Holdings L.L.C. is a Nevada

**COMPLAINT**

limited liability company. Defendant Alexander Bykhovsky is a resident of Puerto Rico. Plaintiff is a resident of a different state (the State of Texas) from Defendants.  There is a complete diversity of citizenship of the parties.

        10.    <u>Personal Jurisdiction over Defendant Alex Gold Holdings</u>.  This Court has general personal jurisdiction over Defendant Alex Gold Holdings, LLC, a/k/a Alex Gold Holdings L.L.C. because it is a domestic Nevada limited liability company and is headquartered in this District. Alex Gold Holdings has submitted to jurisdiction in Nevada by registering with the Secretary of State to do business in this state.

        11.    <u>Personal Jurisdiction over Defendant Alexander Bykhovsky</u>.  This Court has specific personal jurisdiction over Defendant Alexander Bykhovsky because Mr. Bykhovsky is essentially "at home" in Nevada, and a substantial part of the wrongful acts alleged in this Complaint were committed from Nevada. As explained in paragraph 5 above, Mr. Bykhovksy transacts substantial business in Nevada, and he owns and operates numerous business entities registered in Nevada, including but not limited to: Debt Giant, Inc. (a Nevada domestic corporation registered in 2017), Documents Done Right, Inc. (a Nevada domestic corporation registered in 2017), Document Support Live, Inc. (a Nevada domestic corporation registered in 2017), Docu Zoom Inc. (a Nevada domestic corporation registered in 2016), CBG Inc. (a Nevada domestic corporation registered in 2017), and the Gold Leads Inc. (a Nevada domestic corporation registered in 2017). Plaintiff is informed and believes that Mr. Bykhovsky was previously a resident of Clark County, Nevada in or around 2019 prior to his moving to Puerto Rico. As recently as March 1, 2023, Alexander Bykhovsky, DBA Alex Gold Holdings, LLC, filed a Summary Eviction case in the Las Vegas Justice Court, Case No. 23E008238 against Robert Jerome LeDoux seeking possession of a rental property owned by Bykhovsky in the name of Alex Gold Holdings, LLC. Upon information and belief, Mr. Bykhovsky owns real estate and bank accounts in the State of Nevada.

12.     Venue. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant Alex Gold Holdings, LLC is a resident of this District, and because a substantial part of the underlying events giving rise to Plaintiff's claims occurred in this District, whereas the alleged telemarketing calls that were the subject of the Settlement Agreement were commissioned from this District.

## FACTUAL ALLEGATIONS

13.     In 2020, a dispute arose between Plaintiff and Defendants regarding violations of the Telephone Consumer Protection Act ("TCPA") of 1991, 47 U.S.C. § 227, and the regulations promulgated thereunder, and the Texas Business and Commerce Code §302.101, and the Texas Unfair and Deceptive Trade Practices Act, §302.053, as a result of alleged telecommunications received by Plaintiff from Defendants that were commissioned from the State of Nevada promoting student loan debt relief products and services.

14.     Plaintiff filed a lawsuit against Defendants, Alexander Bykhovsky and Alex Gold Holdings, LLC on October 22, 2022, and obtained a judgment in his favor against Defendants in the amount of $31,000 on May 26, 2021, Case No. 3:20-cv-00265 (W.D.T.X., May 26, 2021)("the Original Judgment").

15.     The Original Judgment was domesticated as a foreign judgment in Clark County, Nevada on July 23, 2021, Case No. A-21-838420-F.

16.     Plaintiff filed a second lawsuit against Defendants on September 9, 2022, *Callier v. Bykhovsky et. al*, Case No. 3:22-cv-00312-DB (W.D.TX., Sept. 09, 2022) ("the Lawsuit").

17.     This Lawsuit sought statutory damages for additional telephone calls and text messages that he received from Defendants that were not covered by the Original Judgment.

18.     On October 12, 2022, Defendant Alexander Bykhovsky executed a Waiver of the Service

of Summons in the Lawsuit (the "Waiver of Service"), which was filed of record on the docket in the Lawsuit. See Case No. 3:22-cv-00312-DB, Docket No. 5.

19.     In the Waiver of Service he executed in the Lawsuit, Defendant Alexander Bykhovsky's address was listed as 1800 Calle McLeary, Apt 402, San Juan, PR 00911, and his e-mail address was listed as alexgoldlv@gmail.com, and his telephone number was listed as (323) 304-3605.

20.     Plaintiff and Defendants subsequently agreed to settle all claims, potential claims, and disputes that Plaintiff had against Defendants, including but not limited to the Original Judgment and Lawsuit, without the need of litigation.

21.     On January 3rd, 2023, Defendants executed a Settlement Agreement and Mutual Release.

22.     On January 4th, 2023, Plaintiff countersigned the same Settlement Agreement and Mutual Release.

23.     A true and correct executed copy of the Settlement Agreement and Mutual Release ("hereinafter the "Settlement Agreement") is attached as Exhibit "1" to this Complaint.

24.     The Settlement Agreement provides for a financial settlement in which Defendant, in consideration for release of all liability, agreed to pay to Plaintiff the total sum of $185,000.00 (One Hundred Eighty-Five Thousand Dollars and Zero Cents) (the "Settlement Sum") in settlement of the entire Lawsuit and Original Judgment as it pertains to all the Defendants. See Settlement Agreement, ¶2.

25.     Pursuant to the Settlement Agreement, the Settlement Sum was payable in forty (40) total payments via bank wire or Zelle. See Settlement Agreement, ¶2.

26.     The Payment Structure for the Settlement Sum was as follows, per ¶2 of the Settlement Agreement:

> (1) Payment 1 of 40, $50,000.00 (Fifty Thousand Dollars and Zero Cents) due on or
> before January 5, 2023. (Plaintiff acknowledges this amount was paid).

**COMPLAINT**

(2) Payments 2-6, $5,000.00 (Five Thousand Dollars and Zero Cents) paid every month

starting February 2, 2023. Payments shall be made on or before the following days:

2.  $5,000 on February 2, 2023
3.  $5,000 on March 1, 2023
4.  $5,000 on April 1, 2023
5.  $5,000 on May 1, 2023
6.  $5,000 on June 1, 2023

(3)     Payments 7-31, $3,500.00 (Three Thousand Five Hundred Dollars and Zero

Cents) paid every month starting July 1, 2023. Payments shall be made on or

before the following days:

7.   $3,500 on July 1, 2023
8.   $3,500 on August 1, 2023
9.   $3,500 on September 1, 2023
10.  $3,500 on October 1, 2023
11.  $3,500 on November 1, 2023
12.  $3,500 on December 1, 2023
13.  $3,500 on January 2, 2024
14.  $3,500 on February 1, 2024
15.  $3,500 on March 1, 2024
16.  $3,500 on April 1, 2024
17.  $3,500 on May 1, 2024
18.  $3,500 on June 1, 2024
19.  $3,500 on July 1 , 2024
20.  $3,500 on August 1, 2024
21.  $3,500 on September 1, 2024
22.  $3,500 on October 1, 2024
23.  $3,500 on November 1, 2024
24.  $3,500 on December 1, 2024
25.  $3,500 on January 2, 2025
26.  $3,500 on February 1, 2025
27.  $3,500 on March 1, 2025
28.  $3,500 on April 1, 2025
29.  $3,500 on May 1, 2025
30.  $3,500 on June 1, 2025
31.  $3,500 on July 1, 2025

(4) Payments 32-40, $2,500.00 (Two Thousand Five Hundred Dollars and Zero Cents)
paid every month starting August 1, 2025. Payments shall be made on or before the following
days:

32.  $2,500 on August 1, 2025
33.  $2,500 on September 1, 2025
34.  $2,500 on October 1, 2025
35.  $2,500 on November 1, 2025

7

**COMPLAINT**

36. $2,500 on December 1, 2025
37. $2,500 on January 1, 2026
38. $2,500 on February 1, 2026
39. $2,500 on March 1, 2026
40. $2,500 on April 1, 2026

27.    Defendants made the First Payment of forty (40) in the amount of $50,000 to Plaintiff.

28.    In accordance with Paragraph 4 of the Settlement Agreement, on January 13, 2023, Plaintiff filed a Notice of Voluntary Dismissal of the Lawsuit after his receipt of the initial payment of $50,000 from Defendants.

29.    On January 18, 2023, the United States District Court for the Western District of Texas entered a Final Judgment dismissing the Lawsuit without prejudice (see Case No. 3:22-cv-00312-DB, Doc. No. 9).

30.    The Western District of Texas did not retain jurisdiction to enforce the Settlement Agreement.

31.    Defendants paid Plaintiff the second, third, fourth, fifth, and sixth Payments ($5,000 per payment per month) in the total additional amount of $25,000 which were due February 2, 2023 through June 1, 2023 as provided by the Settlement Agreement.

**Defendants Defaulted on the Settlement Agreement by Failing to Make Required Payments**

32.    After making the first six (6) required payments totaling $75,000, Defendants did not make any further payments towards the Settlement Sum.

33.    Defendants have failed to make at least nine (9) required payments as they became due as specified by the Settlement Agreement's Payment Structure.

34.    Defendants failed to make the following payments to Plaintiff as required by the Settlement Agreement: $3,500 on July 1, 2023, $3,500 on August 1, 2023, $3,500 on August 1, 2023, $3,500 on September 1, 2023, $3,500 on October 1, 2023, $3,500 on November 1, 2023, $3,500 on December 1, 2023, $3,500 on January 2, 2024, $3,500 on February 1, 2024, and $3,500 on March 1, 2024, for a total of $31,500 in unpaid installments due under the Settlement Agreement.

35.    Defendants owe the total amount of $110,000.00 on the balance of the Settlement Sum, jointly and severally.

**COMPLAINT**

36.     The Settlement Agreement provides as follows in Paragraph 7:

"<u>Default</u>. In the event Defendants Alexander Bykhovsky and Alex Gold Holdings, LLC fail to fulfill the terms of this Agreement, including failure to make any required payments, Defendants Alexander Bykhovsky and Alex Gold Holdings, LLC shall be deemed in default of this Agreement. In this event, Defendants Alexander Bykhovsky and Alex Gold Holdings, LLC shall be notified in writing via e-mail and shall have thirty (30) days to cure said Default."

37.     On February 26, 2024, in accordance with Paragraph 7 of the Settlement Agreement, Plaintiff wrote to Defendants via e-mail notifying them that they are in default of the Settlement Agreement for failure to make all required payments to Plaintiff.

38.     In accordance with Paragraph 7 of the Settlement Agreement, Defendants had thirty (30) days to cure their Default of their obligations under the Settlement Agreement.

39.     Despite this notice, Defendants have failed to cure the Default and have failed to pay any of the delinquent payments previously due under the Settlement Agreement.

40.     Defendants have made no indication they plan to continue to honor their obligations under the Settlement Agreement.

41.     Plaintiff has attempted to resolve this matter with Defendants, to no avail.

## FIRST CAUSE OF ACTION:

## BREACH OF SETTLEMENT AGREEMENT

## (BRANDON CALLIER v. ALEX GOLD HOLDINGS, LLC and ALEXANDER BYKHOVSKY)

42.     Plaintiff incorporates the foregoing allegations as though stated fully herein.

43.     A settlement agreement is binding when the parties have a meeting of the minds as to all essential terms to resolve the case. See May v. Anderson, 119 P.3d 1254, 1258 (Nev. 2005).

44.     On January 3, 2023, Defendants entered into a valid and legally enforceable Settlement Agreement and Mutual Release with the Plaintiff for the amount of $185,000 in exchange for a release and dismissal of the underlying Lawsuit, but failed to pay Plaintiff the Settlement Sum in the specified payment structure agreed upon by the parties.

**COMPLAINT**

45.    The Defendants paid the total amount of $75,000 towards the Settlement Sum but defaulted on their obligations to make monthly payments to the Plaintiff, and are currently $31,500 past due on their required payments (with this amount continuing to increase with each missed payment).

46.    Despite written notice of default and a thirty (30) day opportunity to cure period, Defendants remain in default of their obligations under the Settlement Agreement.

47.    As a result of Defendants' material breach of the Settlement Agreement by defaulting on their obligations to make payments, Plaintiff has suffered actual monetary losses and has incurred expenses to collect the outstanding Settlement Amount.

48.    Plaintiff now seeks to enforce the Settlement Agreement for the entire amount of $185,000, with credit given for prior payments totaling $75,000, for total damages of $110,000.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff BRANDON CALLIER demands judgment against the Defendants, ALEX GOLD HOLDINGS, LLC., a/k/a ALEX GOLD HOLDINGS L.L.C. and ALEXANDER BYKHOVSKY, jointly and severally, and requests that this Honorable Court enter a judgment:

a.  Awarding Plaintiff damages of $110,000 which is the outstanding amount due on the Settlement Agreement.

b.  Awarding Plaintiff pre-judgment and post-judgment interest at the maximum lawful rate.

c.  Awarding Plaintiff his filing fee of $405.00 and costs for service of process incurred herein.

d.  Any other relief that this Court deems just and equitable.

Respectfully Submitted,

Dated: March 28, 2024

/s/ Brandon Callier
Brandon Callier
1490A George Dieter Dr. #174
El Paso, TX 79936
(915) 383-4604
callier74@gmail.com
Plaintiff, In Pro Per

10

**COMPLAINT**

# EXHIBIT 1
# Settlement Agreement and Mutual Release

## SETTLEMENT AGREEMENT AND MUTUAL
## RELEASE

For good and valuable consideration, and to resolve and settle finally, fully and completely all matters or disputes that presently exist or may in the future exist with respect to the subject Lawsuit, *Callier v. Bykhovsky et al* No. 3:22-cv-00312-DB (W.D.TX., Sept. 09, 2022) (the "Lawsuit") Plaintiff BRANDON CALLIER ("Plaintiff") and Defendants ALEXANDER BYKHOVSKY ("Bykhovsky") and ALEX GOLD HOLDINGS, LLC agree as follows.

1. All Defendants in the Lawsuit are hereinafter collectively referred together as "the Defendants."

2. Plaintiff and Defendants are hereinafter collectively referred together as "Parties."

### RECITALS

WHEREAS, a dispute arose between Plaintiff and Defendants regarding violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, and the regulations promulgated thereunder, and the Texas and Business Commerce Code §302.101, and Texas Unfair and Deceptive Trade Practices Act §302.053, as a result of alleged telecommunications received by Plaintiff from Defendants.

WHEREAS, Plaintiff filed a lawsuit against Alexander Bykhovsky and Alex Gold Holdings, LLC on October 22, 2020, and obtained a judgment in the amount of $31,000 against Alexander Bykhovsky and Alex Gold Holdings, LLC on May 26, 2021, Case No. 3:20-cv- 00265 (W.D.TX., May 26, 2021) ("the Original Judgment"). The Original Judgment was domesticated as a foreign judgment in Clark County, Nevada on July 23, 2021, Case No. A-21- 838420-F, and is valid, enforceable, and remains outstanding.

WHEREAS, Plaintiff filed a second lawsuit against Defendants on September 9, 2022, *Callier v. Bykhovsky et al* No. 3:22-cv-00312-DB (W.D.TX., Sept. 09, 2022) ("the Lawsuit").

WHEREAS, Plaintiff and Defendants Bykhovsky and Alex Gold Holdings, LLC wish to settle all claims, potential claims, and disputes that Plaintiff has or may have against Defendants, including but not limited to the Original Judgment and Lawsuit, without the need

1

of litigation.

       This Agreement resulted from good faith, arms-length negotiations amongst Plaintiff and Defendants Bykhovsky and Alex Gold Holdings, LLC. Defendants do not admit any wrongdoing by entering into this Agreement. It is the Parties' intention to effect a full and final settlement and resolution of all existing disputes and claims between Plaintiff and Defendants as set forth herein.

**AGREEMENT**

Now, therefore, the Parties to this Agreement agree as follows:

A. Plaintiff for himself and his heirs, executors, beneficiaries, administrators, representatives, assigns, and all persons acting by, through, under, or in concert with any of them, hereby release and forever discharge Defendants and their respective successors, assigns, affiliates, agents, employees, shareholders, directors, officers and legal representatives, from any and all claims and demands, whether known or unknown, which Plaintiff has, or may have, arising out of or in any way relating to the Original Judgment and/or Lawsuit. Plaintiff covenants and agrees that he has not assigned, transferred or conveyed in any manner all or any part of his legal claims or legal rights against Defendants in the Original Judgment and/or Lawsuit. This Release shall be binding upon Plaintiff and his heirs, executors, beneficiaries, administrators, representatives, and assigns, and shall inure to the benefit of Defendants and their respective successors, assigns, affiliates, agents, employees, and legal representatives.

B. Defendants for themselves and their respective successors and assigns, hereby release and forever discharge Plaintiff and his successors, assigns, affiliates, agents, employees, and legal representatives, from any and all claims and demands, whether known or unknown, which Defendants have, or may have, arising out of or in any way relating to the Original Judgment and/or Lawsuit. Defendants covenant and agree that they have not assigned, transferred or conveyed in any manner all or any part of their legal claims or legal rights against Plaintiff in the Original Judgment and/or Lawsuit. This Release shall be binding upon Defendants and their successors and assigns, and shall inure to the benefit of Plaintiff and his successors, assigns, affiliates, agents, employees and legal representatives.

2

2.     Financial Settlement. In consideration of the foregoing release, Defendant Bykhovsky agrees to pay to Plaintiff the total sum of $185,000.00 (One Hundred Eighty-Five Thousand Dollars and Zero Cents) (the "Settlement Sum") in settlement of the entire Lawsuit and Original Judgment as it pertains to all the Defendants. The Settlement Sum will be made payable to "Brandon Callier" and sent to Plaintiff via bank wire or Zelle in thirty-six (36) total payments.

*forty 40*

3.     Payment Structure for Settlement Sum.

(1) Payment 1 of 40, $50,000.00 (Fifty Thousand Dollars and Zero Cents) due on or before January 5, 2023.

(2) Payments 2-6, $5,000.00 (Five Thousand Dollars and Zero Cents) paid every month starting February 2, 2023. Payments shall be made on or before the following days:

      2.  $5,000 on February 2, 2023
      3.  $5,000 on March 1, 2023
      4.  $5,000 on April 1, 2023
      5.  $5,000 on May 1, 2023
      6.  $5,000 on June 1, 2023

(3) Payments 7-31, $3,500.00 (Three Thousand Five Hundred Dollars and Zero Cents) paid every month starting July 1, 2023. Payments shall be made on or before the following days:

      7.  $3,500 on July 1, 2023
      8.  $3,500 on August 1, 2023
      9.  $3,500 on September 1, 2023
      10. $3,500 on October 1, 2023
      11. $3,500 on November 1, 2023
      12. $3,500 on December 1, 2023
      13. $3,500 on January 2, 2024
      14. $3,500 on February 1, 2024
      15. $3,500 on March 1, 2024
      16. $3,500 on April 1, 2024
      17. $3,500 on May 1, 2024
      18. $3,500 on June 1, 2024
      19. $3,500 on July 1, 2024
      20. $3,500 on August 1, 2024
      21. $3,500 on September 1, 2024

3

*RC*

*A. B.*

22. $3,500 on October 1, 2024
23. $3,500 on November 1, 2024
24. $3,500 on December 1, 2024
25. $3,500 on January 2, 2025
26. $3,500 on February 1, 2025
27. $3,500 on March 1, 2025
28. $3,500 on April 1, 2025
29. $3,500 on May 1, 2025
30. $3,500 on June 1, 2025
31. $3,500 on July 1, 2025

(4)     Payments 32-40, $2,500.00 (Two Thousand Five Hundred Dollars and Zero
Cents) paid every month starting August 1, 2025. Payments shall be made on or
before the following days:

32. $2,500 on August 1, 2025
33. $2,500 on September 1, 2025
34. $2,500 on October 1, 2025
35. $2,500 on November 1, 2025
36. $2,500 on December 1, 2025
37. 2,500 on January 1, 2026
38. 2,500 on February 1, 2026
39. 2,500 on March 1, 2026
40. 2,500 on April 1, 2026

4.     Dismissal of Defendants from the Lawsuit. Upon Plaintiff's receipt of the first
payment totaling $50,000 of the Settlement Sum, Plaintiff agrees to immediately dismiss
Alexander Bykhovksy, Alex Gold Holdings, LLC, and the Defendants from the Lawsuit without
prejudice.  Plaintiff shall take any action which may be necessary to effectuate such dismissal.
Upon the receipt of $100,000 of the Settlement Sum, Plaintiff will forever relinquish, surrender,
and waive his right to refile the Lawsuit and any claims or causes of action arising out of the
same occurrence(s) or event(s) as alleged in the Lawsuit against the Defendants, except
Alexander Bykhovsky and Alex Gold Holdings, LLC.

5.     Waiver of the Service of Summons. Defendants Alexander Bykhovsky and Alex
Gold Holdings, LLC agree to immediately execute Waivers of the Service of Summons (attached
as Exhibits "1" and "2" to this Agreement, which shall be filed with the Court.

4

A. B.

6.  Stay of Execution of Judgments: As long as Defendants Alexander Bykhovsky and Alex Gold Holdings, LLC remain in full compliance with the terms of this Agreement and make all required payments timely, Plaintiff agrees not to seize, levy, or garnish Defendants' assets or otherwise seek to execute, collect, or enforce the Original Judgment. Plaintiff may maintain existing judgment liens on Defendant Alexander Bykhovsky and Alex Gold Holdings, LLC real properties in Clark County, Nevada.

7.  Default. In the event Defendants Alexander Bykhovsky and Alex Gold Holdings, LLC fail to fulfill the terms of this Agreement, including failure to make any required payments, Defendants Alexander Bykhovsky and Alex Gold Holdings, LLC shall be deemed in default of this Agreement. In this event, Defendants Alexander Bykhovsky and Alex Gold Holdings, LLC shall be notified in writing via e-mail and shall have thirty (30) days to cure said Default.

8.  Satisfaction of Original Judgment: Plaintiff shall file Satisfaction of the Original Judgment and release of all liens and encumbrances within fifteen (15) days following timely receipt of the full amount of the Settlement Sum. The Original Judgment shall not be deemed satisfied until Defendants have fully complied with the terms of this Agreement. A filed-stamped copy shall be provided to Defendants via email.

9.  Attorneys' Fees and Costs. The Parties are responsible for their own attorneys' fees and costs arising out of this Lawsuit or otherwise related to the subject matter of this Agreement. However, if any legal action or other proceeding is brought for the enforcement of this Agreement, the successful or prevailing party shall be entitled to recover reasonable and necessary attorney's fees and costs.

10. Taxes. Plaintiff agrees to be solely responsible for all taxes, if applicable, owing to any federal, state, local, or regional authority, related to Plaintiff's receipt of the Settlement Sum or other consideration under this Agreement.

11. Authority to Execute Agreement. By signing below, the Parties represent and warrant they possess the necessary power and authority to enter into this Agreement.

12. Non-assignability of Claims. Plaintiff represents and warrants that he has not sold, assigned, or transferred any claims, in whole or in part, which Plaintiff has or may have against the Defendants to any third party, and that no other releases or settlements are necessary from any other person or entity to release and discharge the Defendants from the claims released



5

herein.

13. <u>Reliance on Own Counsel</u>. The Parties enter into this Agreement voluntarily, with a full understanding of the terms and acknowledge they have been given the opportunity to seek legal advice and to consult with an attorney of their own choosing. Plaintiff acknowledges that he is not relying on, and has not relied on, any representation or statement made by any of the Defendants with respect to the facts involved in the controversies herein released or with regard to Plaintiff's rights or asserted rights.

14. <u>No Admission of Wrongdoing</u>. The Defendants deny any liability or wrongdoing of any kind associated with the Lawsuit, the Original Judgment, and the alleged claims therein. Nothing herein shall constitute an admission by the Defendants of wrongdoing, liability, or of the truth of any of Plaintiff's allegations in the Lawsuit and/or Original Judgment. This Agreement is inadmissible as evidence against any Party except to enforce the terms of the Agreement.

15. <u>Confidentiality.</u> The Parties and their representatives, agents, and attorneys agree that the terms, conditions, and subject matter of this Agreement, the amount of the settlement, and any and all actions in accordance herewith are strictly confidential and that they shall not publicize, disclose, discuss or reveal the content or existence of this Agreement to any other person, entity or organization or permit publication of any kind to any person or entity not a party or signatory to this Agreement or Defendants, except that the amount of the settlement only may be disclosed to the Parties' financial or tax advisors; for the purpose of enforcing this Agreement in a court proceeding, should this become necessary; or as may be required by applicable law. The Parties further agree to instruct their attorneys, if any, to keep confidential the terms, conditions, and subject matter of this Agreement to the same extent as they are bound. This obligation of confidentiality includes a prohibition against transmitting or displaying any information regarding the Lawsuit or otherwise related to this Agreement on any website or other electronic or socially shared public medium of any kind, including emails. If either party receives an inquiry about any aspect of the Lawsuit or the terms and conditions of this Agreement, or any matter related to either, the party will respond only that "the matter has been amicably resolved" or words to that effect.

16. <u>Non-Disparagement</u>. As of the date of execution of this Agreement, the Parties shall not directly or indirectly, make any negative or disparaging statements (including but not limited to statements or postings harmful to business interests, reputation, or good will) in any form



6

(orally, in writing, on social media, internet, to the media, etc.) against one another or any of the Defendants that relate to this Agreement and the factual allegations made in the Lawsuit, Original Judgment, or any matter covered by the release within this Agreement. The Parties shall not provide information or issue statements about one another or the Defendants or take any actions that would cause them embarrassment or humiliation or otherwise cause or contribute to them being held in disrepute.

17. <u>Right to Cure</u>. In the event a party alleges that another party is in default of this Agreement, the alleging party shall send a written notice of default, in good faith, and right to cure in accordance with notice provisions in Section 7 of this Agreement to the alleged defaulting party prior to initiating any civil or other action of any kind against that party. The party receiving the notice shall have thirty (30) days from the date of receipt to respond in writing or cure such default. Only if the defaulting party fails to cure within this time period may the non-defaulting party exercise those rights and remedies granted under applicable law

18. <u>Notices</u>. Any notice required or provided for under this Agreement shall be in writing and shall be sent as follows:

If to Plaintiff:
Brandon Callier
6336 Franklin Trail Drive
El Paso, TX 79912
callier74@gmail.com

If to Defendants:
Alexander Bykhovsky
Alex Gold Holdings, LLC
1800 Calle McLeary Apt 402
San Juan, PR 00911
alexgoldlv@gmail.com

19. <u>Signatures</u>. A facsimile or "faxed" or scanned copy and any copies of the signatures on this Agreement shall have the same effect as the original signatures

20. <u>Complete Agreement</u>. This Agreement sets forth the entire agreement between the Parties with respect to the settlement of any and all of Plaintiff's claims against the Defendants and supersedes any and all prior representations, statements, promises and undertakings of any kind, whether oral or written and there are no other agreements other than those set forth herein. No changes or modifications to this Agreement may be made by any party, unless made in writing and agreed to and executed by all Parties to this Agreement.

21.    <u>Choice of Law</u>. This Agreement shall be exclusively governed by Texas law.
22.    <u>Covenant Not to Sue.</u> Neither party to this Agreement shall initiate any new lawsuits

7

or claims for violations of the Telephone Consumer Protection Act while this Agreement is valid and not in breach.

23. <u>Disclosure of Telephone Numbers.</u> Plaintiff discloses the following telephone numbers as his sole personal telephone numbers: 915-383-4604, 915-245-4374. Defendants shall place these numbers on their internal do-not-call lists and remove these phone numbers from any calling databases upon the execution of this Agreement.

24. <u>Severability.</u> If any provision of this Agreement is found by a court to be void, invalid, or unenforceable, such finding shall in no way affect the validity of the remaining provisions of this Agreement or the validity or enforceability of this Agreement.

25. <u>Counterparts.</u> This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

26. <u>Counterparts.</u> This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument

<u>READ AND FULLY UNDERSTOOD</u>

Dated: _January 4_, 2023     By: _____
                                  Plaintiff
                                  BRANDON CALLIER

Dated: _January 3rd_, 2023    By: _____
                                  ALEXANDER BYKHOVSKY
                                  Defendant

Dated: _January 3rd_, 2023    By: _____
                                  ALEX GOLD HOLDINGS, LLC
                                  Title: CEO
                                  Print: Alexander Bykhovsky

8